

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-12-2007

# Board v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3610

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Board v. Williamson" (2007). *2007 Decisions.* Paper 79.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/79

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-34                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3610
_____

DARRYL BOARD,

Appellant

v.

TROY WILLIAMSON, Warden;
THOMAS MARINO

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 06-cv-01512)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Due to Lack of Timely Filing
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 25, 2007

Before:  McKee, Rendell and Smith, <u>Circuit Judges</u>

(Filed: December 12, 2007)
_____

OPINION
_____

PER CURIAM

Darryl Board, a federal inmate serving his time at the United States Penitentiary in

Lewisburg, Pennsylvania, for armed robbery and firearms convictions, filed a petition pursuant to 28 U.S.C. § 2241 to challenge his sentence. Most generally, he claimed that he should not have received a sentence enhancement under 18 U.S.C. § 924(c) for a second or subsequent crime as a habitual offender. Board contended that his challenge should be heard in a § 2241 petition because 28 U.S.C. § 2255 provided an inadequate and ineffective remedy given that its gatekeeping provisions would bar his § 2255 motion.[1]

On March 9, 2007, the District Court dismissed Board's § 2241 petition for lack of jurisdiction. On March 16, 2007, Board filed a motion for reconsideration. While the motion for reconsideration was pending, on May 4, 2007, Board filed a document that he described in its certificate of service as a notice of appeal. In the document, written like a letter, he stated the following: "I intend to appeal your memorandum and order to the Court of Appeals for the thrid [sic] Circuit." He further advised the District Court that he would ask us to "reverse or modify the Judgement [sic] of the District Court" for reasons that spanned six pages. The District Court docketed the document (and an accompanying letter and attached documents in support of his arguments in the District Court) as a letter regarding reconsideration of the District Court's order.

On June 13, 2007, the District Court denied Board's motion for reconsideration.

_____

[1] As the District Court sets forth in greater detail, in addition to filing a direct appeal, Board previously challenged his 1994 conviction and sentence by filing a § 2255 motion, a motion to file a second or successive § 2255 motion, and a § 2241 petition.

On June 21, 2007, at the latest, Board filed a letter in which he stated that he "would like to now re-submit [his] may [sic] 4th request for an appeal to the thrid [sic] Circuit." He also asked the District Court to consider his reasons for appeal, which he detailed over three pages. In his certificate of service, Board described his filing as a "request for appeal to the Thrid [sic] Circuit / and request to have Judge Conner review my reasons for an appeal to the Thrid [sic] Circuit." With his letter, he submitted the documents he filed on May 4, 2007. The District Court docketed the filing as a second motion for reconsideration. On July 13, 2007, the District Court denied what it had termed a second motion for reconsideration. In its order, citing 28 U.S.C. § 2253, the District Court explained to Board that he did not have to seek the District Court's permission to file an appeal with us.

In June and July, Board sought forms from our Clerk's Office, but he was advised that he was not entitled to them until he filed a notice of appeal in the District Court. In reply, on August 13, 2007, he sent a copy of the District Court's order in which the District Court directed him to appeal, if he wished to, pursuant to 28 U.S.C. § 2253. He also attached what he had submitted to the District Court on May 4, 2007, and expressed his confusion about how he could perfect the filing of his appeal. Our Clerk's Office forwarded the filing to the District Court, noting that it should be construed as a notice of appeal. On August 13, 2007, the District Court docketed the notice of appeal.

Before we consider the merits of this appeal, we must consider its scope. We have

jurisdiction only over those orders for which Board timely filed a notice of appeal. <u>See</u>

<u>Bowles v. Russell</u>, 127 S.Ct. 2360, 2363-66 (2007). A notice of appeal in a civil case in

which the Government is a party must be filed within 60 days of the entry of the order

appealed from. <u>See</u> Fed. R. App. P. 4(a)(1)(B). If a litigant files a motion for

reconsideration, the time to appeal runs from the entry of the order resolving that motion.

<u>See</u> Fed. R. App. P. 4(a)(4)(A). Also, if a party files a notice of appeal after a court enters

a judgment but before ruling on a pending motion for reconsideration or a similar motion,

the notice becomes effective when the court enters an order disposing of the last

remaining motion for reconsideration (or similar motion). <u>See</u> Fed. R. App. P.

4(a)(4)(B)(i). A party who wishes to challenge an order denying a motion for

reconsideration must file an additional notice of appeal or amend a previously-filed notice

of appeal. <u>See</u> Fed. R. App. P. 4(a)(4)(B)(ii).

If we view the submission ultimately filed in the District Court as the notice of a

appeal on August 13, 2007, as Board's notice of appeal, then we can only consider the

District Court's order of July 13, 2007. However, upon review of the documents Board

filed on May 4, 2007, and his attempt to submit those documents on June 21, 2007, we

conclude that Board evinced an intention to appeal early enough to secure our review of

the District Court's March order dismissing his § 2241 petition. We also conclude that he

renewed his intention to appeal in such a time and manner as to put an appeal of the June

13, 2007 order before us, too.

4

The filing requirements of Federal Rule of Appellate Procedure 3(c) are liberally construed. See Smith v. Barry, 502 U.S. 244, 248 (1992). Although Board framed his notice of appeal in letter form, he expressed his intention to appeal to the "Court of Appeals for the thrid [sic] Circuit" from the District Court's order, which was readily identifiable from the context (including quotes from the District Court's accompanying memorandum). Also, in his certificate of service, he described his submission as a notice of appeal. Accordingly, we conclude that he satisfied the requirements for filing a notice of appeal on May 4, 2007. See United States v. Carson, 969 F.2d 1480, 1486 (3d Cir. 1992); see also Fed. R. App. P. 3(c); L.A.R. 3.4. The notice of appeal of the order of March 9, 2007, became effective when the District Court ruled on June 13, 2007, on the motion for reconsideration that Board had timely filed, see Fed. R. App. P. 59, on March 16, 2007. See Fed. R. App. P. 4(a)(4)(A) & (B). Board's renewed submission on June 21, 2007, of the May 4, 2007 notice of appeal with additional argument about the District Court's decision to deny the motion for reconsideration on June 13, 2007, expanded the scope of the appeal to include the June 13, 2007 order, too. Therefore, we do not dismiss the appeal for lack of jurisdiction.

Upon consideration of the merits of this appeal, we will summarily affirm the judgment of the District Court because no substantial issue is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6. The District Court was without jurisdiction to consider Board's claims under 28 U.S.C. § 2241. As the District Court concluded, Board cannot

5

bring his claims under § 2241, because a motion to challenge his conviction and sentence pursuant to 28 U.S.C. § 2255 is not "inadequate or ineffective." 28 U.S.C. § 2255 ¶ 5.

Section 2255 has been considered inadequate and ineffective for a petitioner convicted and imprisoned for conduct since deemed not to be criminal. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). However, § 2255 is not inadequate or ineffective just because a petitioner, like Board, who has previously filed a § 2555 motion and unsuccessfully sought permission to file another, is unable to meet its stringent gatekeeping requirements. See id.

Board does not make a claim that fits under the In re Dorsainvil exception. He essentially claimed that he could not be sentenced as a habitual offender because his indictment did not describe the specific firearm used in robberies he committed, as he maintains it must pursuant to the 1998 amendments to § 924(c)(1) and Castillo v. United States, 530 U.S. 120, 131 (2000). His claim pertains to the integrity of his sentence, not to the criminality of his conduct, so he could not bring it under § 2241.

In sum, for the reasons given, the District Court properly dismissed Board's § 2241 petition and denied his motions for reconsideration. Accordingly, we will summarily affirm the judgment of the District Court.

6